# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

| | |
|---|---|
| RAMIN YOUSEFIFAR,<br><br>    Plaintiff,<br><br>v.<br><br>U.S DEPARTMENT OF STATE, SECRETARY ANTONY J. BLINKEN, ASSISTANT SECRETARY RENA BITTER, CONSUL GENERAL THATCHER SCHARPF, CONSULAR OFFICER JANE/JOHN DOE,[1]<br><br>    Defendants. | CASE NO. 4:24-CV-109 |

### ORDER

Plaintiff initiated this suit against Defendants, alleging violations of the Administrative Procedure Act ("APA"), Immigration and Nationality Act ("INA"), and pertinent regulations. Dkt. No. 1. Defendants have moved to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. No. 4. Defendants attach materials outside of the pleadings to their motion to dismiss. See Dkt. No. 4-1. To the extent Defendants present this information in

---

[1] The Clerk is **DIRECTED** to substitute Secretary Marco Rubio for Antony Blinken, Julie Stufft for Rena Bitter, and Brian Heath for Thatcher Scharpf as the proper defendants.

connection with their 12(b)(6) motion, the Court **CONVERTS** Defendants' motion, dkt. no. 4, into a motion for summary judgment. See Fed. R. Civ. P. 12(d) (allowing conversion of motion to dismiss to summary judgment motion); Fed. R. Civ. P. 56 (governing summary judgment).

## DISCUSSION

In support of their motion to dismiss, Defendants attach a declaration from Rachel Ann Peterson, an attorney-advisor at the U.S. Department of State, referencing information not contained in Plaintiff's complaint. Dkt. No. 4-1. Defendants may introduce outside evidence in a Rule 12(b)(6) motion to dismiss, but such material can be considered only if the Court converts the motion to dismiss into a motion for summary judgment. See Fed. R. Civ. P 12(d); cf. SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337–39 (11th Cir. 2010). "It is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court." Jones v. Auto. Ins. Co. of Hartford, Conn., 917 F.2d 1528, 1531–32 (11th Cir. 1990). Because such information could impact a determination of whether a final decision was issued on Plaintiff's L-1A visa application, the Court uses its discretion to convert Defendants' motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d).

When a district court converts a motion to dismiss into a motion for summary judgment, it must comply with the requirements of Rule 56 by notifying the parties of the conversion and providing at least ten days for the parties to supplement the record accordingly. Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1267 (11th Cir. 2002). Accordingly, the parties are **ORDERED**, within **fourteen (14) days** from the date of this order, to file any supplemental evidence related to the status of Plaintiff's visa application. The Court **ADMINISTRATIVELY STAYS** this case until further Order of the Court.

**SO ORDERED** this 19th day of March, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA